IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JANET E. MEALING                                                                          PLAINTIFF

vs.                                    Civil No. 3:07-cv-3043

MICHAEL J. ASTRUE                                                                      DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**BEFORE** the Court is Defendant's Motion to Remand. (Doc. No. 5).[1] The Plaintiff has not responded to this Motion.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm Larry Hendren referred this Motion to the Honorable Barry A. Bryant for the purpose of making a report and recommendation.  The Court, having reviewed the motion, recommends Defendant's Motion To Remand be **GRANTED**.

**Background:**

Defendant moves this Court to remand this case for further administrative action.  Defendant states the Appeals Council wishes to take further administrative action pursuant to sentence 6 of section 205(g) of the Social Security Act, 42 U.S.C. 405(g), which provides that:

> "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . ."

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

According to Defendant, The Office of Hearings and Appeals advises the claim file for this matter cannot be obtained and, pursuant to sentence 6 of sections 205(g) of the Social Security Act, 42 U.S.C. 405(g), the Appeals Council wishes remand to continue searching for the missing claim file.

**Discussion:**

The joint conference committee of Congress, in reporting upon the Social Security Disability Amendments of 1980 (to the Social Security Act), stated in some cases procedural difficulties, such as an inaudible hearing tape or a lost file, necessitate a request for remand by the Commissioner. The agreement of the joint conference committee was that such procedural defects be considered "good cause" for remand. The committee stated:

> "Such a situation is an example of what could be considered 'good cause' for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the courts may review under 205(g) of the Act."

*See*, H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980). I find that good cause exists for remand and this matter should be remanded so continued attempts can be made in locating the missing claims file.

**Conclusion:**

Based upon the forgoing, this Court recommends the Defendant's Motion To Remand be **GRANTED**, and this case be remanded to the Commissioner for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g).

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

        **ENTERED** this **24th day of March, 2008.**

                                  /s/   Barry A. Bryant
                                  HON. BARRY A. BRYANT
                                  U.S. MAGISTRATE JUDGE